Alex Corinblit v. Commissioner.
Corinblit v. Commissioner
Docket No. 43830.
United States Tax Court
T.C. Memo 1955-148; 1955 Tax Ct. Memo LEXIS 193; 14 T.C.M. (CCH) 545; T.C.M. (RIA) 55148; June 13, 1955
Donald P. Chehock, Esq., for the respondent. TURNER Memorandum Opinion TURNER, Judge: The respondent determined deficiencies in income tax, 25 per cent additions thereto, under section 291(a), and 50 per cent additions, under section 293(b) of the Internal Revenue Code of 1939, against the petitioner for the years 1944 through 1949, inclusive. Upon call of the proceeding for trial at Los Angeles, California, on April 25, 1955, there was no response or appearance by or on behalf of the petitioner, although due notice of the date set for trial had been given. *194 The respondent, having been advised by petitioner that he did not intend to prosecute his case any further, filed a motion asking for entry of decision for deficiencies in income tax and additions thereto as follows: Additions to Tax
Year
Deficiency
Sec. 293(b)
Sec. 291(a)
1944
$13,235.37
$6,617.69
$3,308.85
1945
3,388.03
1,694.02
847.01
1946
11,732.09
5,866.05
2,933.03
1947
19,803.55
9,901.78
1948
10,498.17
5,249.09
2,556.29
1949
1,860.94
930.47
465.24
The petitioner having failed to appear and to proceed with his burden with respect to the deficiencies in income tax and the additions to tax under 291(a) of the 1939 Code, the respondent's motion for entry of decision as to the deficiencies and additions to tax is accordingly granted, and decision will be entered accordingly. As to the additions to tax for fraud and in respect of which the burden of proof is on the respondent, it appears that the respondent, in due course, filed an answer to the petition herein, affirmatively alleging facts which, if proven or taken as true, fully and adequately sustain the fraud determination. According to the record, the answer was duly *195 served on the petitioner, but the petitioner has never filed a reply denying the affirmative allegations contained in the respondent's answer. The respondent thereafter filed a motion noting the failure on the part of the petitioner to file a reply denying the affirmative allegations contained in his answer, and requested that the Court enter an order whereby, under Rule 18 of the Court's Rules of Practice, the undenied affirmative allegations are in such circumstances to be deemed admitted. Such an order was entered by the Court on November 18, 1953. The affirmative allegations of the respondent thus being deemed to be true, the respondent has carried his burden of proof as to fraud. Robert Kenneth Black, 19 T.C. 474; Charles H. McGlue, 45 B.T.A. 761. The respondent's motion is granted and in accordance therewith. Decision will be entered for the respondent.